## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Monique C., | |
| **Plaintiff,** | |
| v. | **Case No. 19 C 2030** |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | **Magistrate Judge Beth W. Jantz** |
| **Defendant.** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Monique C.[1] seeks review under 42 U.S.C. § 405(g) of the Commissioner's decision denying her application for Supplemental Security Income ("SSI") under the Social Security Act. For the reasons below, the Court reverses the Commissioner's decision.

## BACKGROUND

On November 12, 2015, Plaintiff applied for SSI and alleged a disability onset date of October 1, 2000. (R. at 15, 123.) Plaintiff's application was denied initially and on reconsideration. (*Id.* at 123, 140.) On November 29, 2017, an Administrative Law Judge ("ALJ") held a hearing, at which Plaintiff, represented by counsel, appeared and testified. (*Id.* at 36–64.) A vocational expert ("VE"), James Breen, also testified. (*Id.*)

---

[1] In accordance with Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name.

The ALJ issued a decision denying benefits on May 1, 2018. (R. at 15–35). Applying the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since November 12, 2015, the application date. (*Id.* at 17.) At step two, the ALJ found that Plaintiff's spinal disorder, bilateral carpal tunnel syndrome, neuropathy, right knee fracture, obesity, heroin abuse, depression, anxiety, post-traumatic stress disorder ("PTSD"), and bipolar disorder were severe impairments. (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listings enumerated in the regulations. (*Id.* at 18.)

The ALJ then assessed Plaintiff's Residual Functional Capacity ("RFC")[2] and determined that Plaintiff has the RFC to perform sedentary work as defined in 20 C.F.R. §416.967(a) except she is limited to:

> never climb[ing] ladders, ropes or scaffolding, no more than occasional climbing ramps and stairs, no more than occasional balancing, stooping, crouching, crawling, kneeling, bending and twisting. Claimant needs to be provided a sit-stand option allowing her to stand 1–2 minutes after sitting 30 minutes. Claimant needs to be allowed to use a cane as needed to get to and from the workstation. Claimant can use her hands no more than frequently to handle, finger and feel. Claimant is limited to no more than occasional pushing/ pulling and operating foot controls with left lower extremity. Claimant is to avoid concentrated exposure to wet slippery surfaces and uneven terrain. Claimant is limited to understanding, remembering and carrying out no more than simple routine tasks. Claimant is to have no public contact and no more than occasional contact with coworkers and supervisors. There shall be no requirement for claimant to engage in teamwork situations (she should not be required to work with others to complete the same job task(s)) but

---

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's RFC, which is the most a claimant can do despite any limitations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> can work independently. Claimant is to have no strict quotas (she should not engage in work where she is being checked up during [the] work day to see if she is on pace with goal, quota or with other employees) but can do work where performance is measured by what [is] completed by end of work day.

(R. at 22.) At step four, the ALJ noted that Plaintiff has no past relevant work. (*Id.* at 28.) The ALJ found at step five that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as eyeglass assembler, circuit board tester, and costume jewelry maker. (*Id.* at 28–29.) Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined by the Act, from the alleged onset date through the date of the ALJ's decision. (*Id.* at 29.)

On January 17, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's determination the final decision of the Commissioner. (R. at 1–8.) Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *Villano v. Astrue*, 556 F.3d 558, 561–62 (7th Cir. 2009).

## DISCUSSION

The Court will uphold the ALJ's decision only if it is supported by "substantial evidence"—that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). While this review is deferential, it is not "a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The ALJ must build "an accurate and logical bridge" between the evidence and her conclusion. *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) (internal quotation omitted).

3

After reviewing the record and the briefs, the Court is persuaded by Plaintiff's argument that the ALJ's analysis of Plaintiff's subjective complaints is not supported by substantial evidence.[3]

Where, as here, the ALJ concludes that the claimant's impairments could reasonably be expected to cause her alleged symptoms, (r. at 27), the ALJ must then "evaluate the intensity and persistence of [the claimant's] symptoms" in order to determine "how [the] symptoms limit [the claimant's] capacity for work." 20 C.F.R. § 404.1529(c)(1). The Court will overturn the ALJ's subjective symptom evaluation if it is "patently wrong, meaning it lacks explanation or support." *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017) (internal quotation omitted). Failure to give "specific reasons supported by the record is grounds for reversal." *Minnick v. Colvin,* 775 F.3d 929, 937 (7th Cir. 2015).

The ALJ concluded that Plaintiff's subjective allegations are "disproportionate to the expected severity" of her impairments "in light of [her] treatment history, activities of daily living, and objective evidence." (R. at 24.) There are several errors in the ALJ's reasoning, warranting remand on this issue.

First, the ALJ does not explain or give specific examples of how Plaintiff's treatment history undermines her allegations. Without the requisite "logical bridge," the Court cannot trace the path of the ALJ's reasoning. *Villano,* 556 F.3d at 562.

---

[3] Because the Court remands on this basis, it need not address Plaintiff's other arguments at this time.

Second, the ALJ erred when indicating that Plaintiff's testimony of "debilitating" pain was inconsistent with her daily activities which included "dressing very slowly," driving herself to doctors' appointments in 2017, and going to the park or library. (R. at 28.) The ALJ failed to explain how these simple activities undermined her allegations of pain or equated to an ability to go back to work. *Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020) ("[T]here are critical differences between keeping up with activities of daily living and holding down a full-time job.")

Moreover, the ALJ disregarded significant limitations Plaintiff has in performing routine tasks without assistance. She testified that she lives with three cousins who, because of her pain, help her by making her bed, doing laundry, cleaning, taking out the garbage, and carrying groceries; they also help her by taking her to the grocery store and talking to others, such as cashiers, for her because of her social anxiety. (R. at 40, 47–48, 50–51, 53, 55–56). The ALJ improperly failed to address these limitations in assessing Plaintiff's ability to perform activities. *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009).

Third, the ALJ erred by repeatedly relying on her own observations during the hearing to discount Plaintiff's allegations of pain, while failing to address relevant evidence that supports Plaintiff's symptoms. A claimant's failure to exhibit "pain-related behaviors at the hearing does not undo the consistent record of pain-related behaviors." *See Minnick,* 775 F.3d at 937. This is especially true here, where Plaintiff indicates that her pain fluctuates in intensity. (R. at 53).

For example, the ALJ discounted Plaintiff's allegations of pain in both hands and wrists because at the hearing Plaintiff picked up her purse off the floor with no sign of pain in using her hand, (R. at 23), and because Plaintiff's hand and wrist limitations were "not seen in objective record," (*id.* at 26). In support, the ALJ references a June 14, 2016 consultative examination which indicated that Plaintiff had given "poor effort" on her left-hand grip strength test and had full range of motion in her wrists. (*Id.* at 23, 26.) The ALJ fails to mention that in the same evaluation, the doctor also noted that: (1) Plaintiff has a history of carpal tunnel bilaterally, and had surgery on her left hand in April of 2016; (2) her left hand was in a brace at the time of the examination; and (3) she still complains of weakness and numbness in both hands and reports that she drops objects often. (*Id.* at 625–26.) It is unclear why this evaluation is inconsistent with Plaintiff's reports of hand and wrist pain. The ALJ also failed to address other record evidence supportive of these pain allegations. *See e.g.* (*id.* at 355, 632, 635, 758, 772.)

Similarly, throughout her decision, the ALJ relies on her own observations, (r. at 23–28), without addressing numerous records supportive of the additional psychological and physical symptoms that Plaintiff alleges, (*see e.g.*, *id.* at 357, 358, 373, 390, 411, 416, 513, 592, 597–98, 600, 620–21, 627, 757, 762–63, 783, 786.) This is error. *Minnick,* 775 F.3d at 937 (7th Cir. 2015) (remanding where "the ALJ did not provide a reason for omitting from her analysis the objective medical evidence in the record supporting [claimant's] subjective complaints.");

F.3d 905, 912 (7th Cir. 2016) (the ALJ must not ignore evidence contrary to her conclusion).

For these reasons, the Court finds that the ALJ's subjective symptom analysis is not supported by substantial evidence, an error requiring remand. *Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014).

## CONCLUSION

The Court grants Plaintiff's motion for summary judgment [14], denies the Commissioner's motion for summary judgment [21], reverses the Commissioner's decision, and remands the case for further proceedings consistent with this Memorandum Opinion and Order pursuant to the fourth sentence of 42 U.S.C. § 405(g).

E N T E R:

Dated: August 17, 2020

BETH W. JANTZ
United States Magistrate Judge